UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA

     -against-
                                                                     MEMORANDUM AND ORDER
Jose Hamilton NARANJO,                           03-CR-1180 (ILG)

               Defendant.

-------------------------------------------------x

GLASSER, United States Senior District Judge

     Jose Naranjo moves this court to reconsider its prior order, dated March 16, 2007, denying his motion pursuant to 28 U.S.C. § 753(f) ("Section 753") to receive a copy of his plea agreement and a transcript of his sentencing hearing at the expense of the United States. In his motion for reconsideration, Mr. Naranjo indicates that the Court misunderstood his previous application as an indication that he intends to file an appeal or a collateral attack on his sentence under 28 U.S.C. § 2255 ("Section 2255"). Mr. Naranjo explains that his "intentions are to file a motion to attack his custody not his sentence, due to an actual miscalculation by the Bureau of Prisons of his releasing date and serving time." Motion to Obtain Copies of Plea Agreement and Sentencing Hearing Transcripts Without Prepayment of Fees or Costs, dated March 22, 2007, at 1.

     It is unclear to the Court precisely what sort of relief Mr. Naranjo intends to seek, but the Court surmises that it would necessarily take the form of a motion pursuant to § 2255 or an administrative proceeding before the Bureau of Prisons. In any event, the law is clear that "a motion for a free transcript pursuant to § 753(f) is not ripe until a

1

§ 2255 motion has been filed." United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (per curiam). If Mr. Naranjo's motion to reconsider is intended to inform the Court that he plans to seek some relief in a form other than an appeal or a § 2255 motion, he is ineligible for a transcript under § 753(f), which limits the availablity of such transcripts to parties proceeding in forma pauperis in an appeal or a § 2255 petition. Moreover, § 753(f) provides no basis upon which Mr. Naranjo can seek a copy of his plea agreement. Finally, if the basis of Mr. Naranjo's dispute with the Bureau of Prisons is, as his motion to reconsider indicates, simply a matter of the correct calculation of his release date, the Court does not believe that a transcript of his sentencing hearing is "needed to decide the issue presented by the suit or appeal," as § 753(f) requires. The Judgment entered against Mr. Naranjo, sentencing him to a term of incarceration of 57 months, should be sufficient for the purpose of calculating the date of Mr. Naranjo's release.

Mr. Naranjo's motion to reconsider this Court's prior order is therefore DENIED.

Dated: Brooklyn, New York
April 6, 2007

SO ORDERED.

_/s/_____
I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were mailed to:

Jose Hamilton Naranjo
Reg. # 70385-053
N.E.O.C.C.
2240 Hubbard Road
Youngstown, OH 44505